## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DEBRA ROGERS**                                              **CIVIL ACTION NO.**

**VERSUS**

                                                             **20-380-SDD-EWD**

**ARCH INSURANCE COMPANY,**
**ET AL.**

### NOTICE AND ORDER

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Debra Rogers ("Plaintiff") on April 18, 2019 in a motor vehicle accident in West Baton Rouge Parish, Louisiana (the "Accident").[1] On April 8, 2020, Plaintiff filed her Petition for Damages ("Petition") against Jeffrey Wotherspoon ("Wootherspoon"), the driver of the vehicle; Heniff Transportation, Inc. ("Heniff"), the owner of the vehicle and alleged employer of Wotherspoon; and Arch Insurance Company ("AIS"), the insurer of the vehicle in the Eighteenth Judicial District Court for the Parish of West Baton Rouge.[2] In the Petition, Plaintiff alleges that she suffered personal injuries as a result of the Accident which was caused by the negligence of Wotherspoon, who was allegedly driving in the course and scope of his employment with Heniff.[3] On June 18, 2020, the matter was removed to this Court by Arch and Pre-HTS, Inc. ("Pre-HTS"), which was formerly known as Heniff,[4] alleging that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[5]

---

[1] R. Doc. 1-4, ¶¶ 3, 6-7.
[2] R. Doc. 1-4, ¶¶ 1, 4, 11, 13.
[3] R. Doc. 1-4, ¶¶ 7-8, 10, 12.
[4] The Illinois Secretary of State filing for Pre-HTS confirms that its former name is Heniff.
[5] R. Doc. 1, ¶ 6. AIS and Pre-HTS ("Removing Defendants") contend that Pre-HTS and Wotherspoon had not been served as of the time of removal, and thus the consent of Wotherspoon is not required. Counsel for Removing Defendants represent that they will appear on Wotherspoon's behalf once he is served. R. Doc. 1, p. 2, n. 1.

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal alleges that Plaintiff is a domiciliary of Louisiana, AIS is a Missouri corporation with its principal place of business in New Jersey, Pre-HTS is an Illinois corporation with its principal place of business in Illinois, and Wotherspoon is a domiciliary of Pennsylvania; therefore, complete diversity of citizenship appears to exist.[6]

It is not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[7] The Petition alleges that Plaintiff's vehicle was rear-ended by Wotherspoon's vehicle, an 18-wheeler, which caused Plaintiff's vehicle to rear-end the 18-wheeler in front of Plaintiff.[8] Plaintiff claims to have sustained "severe and disabling injuries," including: headaches, jaw, neck, arm, back, leg, knee, and chest pain, Post-Traumatic Stress Disorder, and insomnia.[9] In connection with these injuries, Plaintiff seeks past, present, and future: physical pain and suffering, mental pain, anguish, and distress, loss of enjoyment of life, disability, lost wages, loss of earning capacity, medical expenses, and property damage.[10] Plaintiff's allegations of "severe and disabling injuries" in the Petition involving headaches, jaw, neck, arm, back and leg pain, *etc.* fail to provide any details about these injuries, including whether these injuries are permanent, whether a surgery has been recommended, and/or Plaintiff's future prognosis or the necessity and costs of future treatment. The Petition also does not indicate the amount of medical expenses or lost wages Plaintiff has incurred, whether Plaintiff is working/can

---

[6] R. Doc. 1, ¶¶ 7-8.
[7] *See* 28 U.S.C. §1332(a).
[8] R. Doc. 1-4, ¶ 6.
[9] R. Doc. 1-4, ¶ 7.
[10] R. Doc. 1-4, ¶ 8.

work, or the amount of Plaintiff's alleged property damage. Further, Plaintiff's pleading of general

categories of damages (*i.e.*, past, present, and future medical expenses, physical pain and suffering,

*etc.*) is insufficient to establish that the federal jurisdictional minimum is reached.[11] "Courts have

routinely held that pleading general categories of damages, such as 'pain and suffering, disability,

lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount

of the damages sought, does not provide sufficient information for the removing defendant to meet

his burden of proving that the amount in controversy is satisfied under the 'facially apparent'

test."[12]

The Notice of Removal provides no information regarding Plaintiff's alleged injuries or

damages and merely states:

10.

> Although the Defendants deny any liability to Plaintiff, the
> amount in controversy exceeds $75,000, exclusive of
> interest and costs. Plaintiff's Petition does not allege that the
> amount in controversy falls below $75,000, as required by
> Article 893 of the Louisiana Code of Civil Procedure.
> Additionally, Defendants have requested that Plaintiff
> stipulate that her damages are less than $75,000, and they
> have refused to so stipulate.[13]

The foregoing does not provide enough information to determine if Plaintiff's claims will exceed

$75,000, exclusive of interest and costs.  As this Court has held many times, "Plaintiff's failure to

include any allegations regarding the amount in controversy to support federal jurisdiction is not

---

[11] *See Davis v. JK & T Wings, Inc.*, 11-501-BAJ-DLD, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cases cited therein.

[12] *See Anderson v. Swift Transportation Company of Arizona, LLC*, No. 18-13, 2018 WL 3341822, at *3 (M.D. La. June 4, 2018) (*quoting Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012)), (*citing Alderdice v. Lowe's Home Centers, Inc.*, No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal–Mart Stores, Inc.*, No. 09-302, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, No. 08-1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, No. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)).

[13] R. Doc. 1, ¶ 10.

dispositive."[14]  Further, Removing Defendants have not submitted any documentation regarding Plaintiff's alleged refusal to stipulate that her damages are less than $75,000, which does not meet the evidentiary requirements to provide summary judgment-type evidence in support of removal. Regardless, a plaintiff's refusal to stipulate that her damages are below the federal jurisdictional minimum may be considered, but it is not determinative of whether the amount in controversy is met.[15]  Removing Defendants have not offered any specific medical information regarding Plaintiff's injuries, treatment, prognosis, and expenses in support of the amount in controversy. There is also no evidence of any settlement demands, discovery responses, or relevant documents produced in discovery that would have bearing on the amount in controversy. Based on the foregoing and taken as a whole, it is not apparent from either the Notice of Removal or the Petition whether Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[16]

---

[14] *Anderson,* 2018 WL 3341822 at *4, *citing Weber v. Stevenson*, No. 07-595, 2007 WL 4441261 (M.D. La. Dec. 14, 2007) ("[T]he plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy.  There is so little information in the petition upon which to estimate the actual amount in controversy, a finding that the failure to include the "893" allegation resulted in the satisfaction of the jurisdictional minimum would be tantamount to finding that subject matter jurisdiction may obtain from a procedural omission, which is unsupportable.").

[15] *See Cole v. Mesilla Valley Transportation,* No. 16-841, 2017 WL 1682561, at *6 (M.D. La. Mar. 15, 2017), *report and recommendation adopted,* No. 16-841, 2017 WL 1684515 (M.D. La. May 1, 2017) ("Finally, the record indicates that Plaintiffs refused to stipulate prior to removal that each of the Plaintiffs' claims did not exceed the jurisdictional amount. (R. Doc. 7-4). Plaintiffs did not have a legal obligation to sign such a stipulation 'and, therefore, [their] refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $75,000.'"). *See also Lipford v. Boehringer Ingelheim Pharm., Inc.*, No. 13-2858, 2014 WL 458359, at *5 (W.D. La. Feb. 4, 2014) (Such a refusal "is but one factor for the court to consider."); *and Lee v. Dillon*, No. 12-1413, 2012 WL 3263882, at *3 (W.D. La. Aug. 8, 2012) ("While not conclusive, the court does afford some weight to Plaintiff's refusal to stipulate.").

[16] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

Accordingly,

**IT IS HEREBY ORDERED that, on or before July 3, 2020,** Defendants Arch Insurance Company and Pre-HTS, Inc. shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED that, on or before July 13, 2020,** Plaintiff Debra Rogers shall file either: (1) a Notice stating that Plaintiff does not dispute that Defendants have established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, June 24, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**